UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JENNIFER SAYRE,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social
Security Administration,

        Defendant.

Case No. 3:14-cv-145

Judge Thomas M. Rose
Chief Magistrate Judge Sharon L. Ovington

---

**DECISION AND ENTRY OVERRULING SAYRE'S OBJECTIONS (DOC. 14) AND ADOPTING THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. 13) IN THEIR ENTIRETY; AFFIRMING THE COMMISSIONER'S NON-DISABILITY DETERMINATION; AND TERMINATING THIS CASE**

---

Plaintiff Jennifer Sayre ("Sayre") brought this action pursuant to 42 U.S.C. 405(g) for judicial review of the decision of the Defendant Commissioner of the Social Security Administration (the "Commissioner") denying her application for Social Security disability benefits. On April 24, 2015, Chief Magistrate Judge Sharon L. Ovington filed a Report and Recommendations (Doc. 13), recommending that the Court affirm the Commissioner's decision that Sayre is not disabled and therefore not entitled to benefits under the Social Security Act. Based upon a review of the administrative record, applicable law, analysis of the Chief Magistrate Judge, and consideration of Sayre's Objections (Doc. 14), the Court adopts the Report and Recommendations in their entirety. As the Administrative Law Judge's determination that Sayre is not disabled, and therefore not entitled to benefits under the Social Security Act, is supported by substantial evidence, the Court orders judgment in favor of the Defendant Commissioner and

1

overrules Sayre's Objections (Doc. 14) to the Report and Recommendations.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C. § 636(b)(1), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of the recommendations to which objections are made.  This review requires the Court to re-examine all relevant evidence to determine whether the findings of the Commissioner are supported by substantial evidence. *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983); *Gibson v. Secretary of Health, Education and Welfare*, 678 F.2d 653, 654 (6th Cir. 1982).

The Commissioner's findings must be adopted if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if the case were being tried to a jury.  *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988).  In making a substantial evidence determination, the Court must consider the record as a whole.  *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984), citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980).  This does not mean that the Court will try the case de novo and the Court does not decide questions where evidence conflicts or credibility is questioned.  *Garner*, 745 F.2d at 387.  The Court will therefore uphold a Commissioner's finding when it is supported by substantial evidence, even if the Court would have arrived at a different conclusion as a trier of fact.  *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

Thus, the sole issue reviewed here is not whether substantial evidence of disability exists, but rather whether the record contains substantial evidence to support the Commissioner's finding of non-disability. In this case, the Commissioner's finding is supported.

As the Court agrees with the Chief Magistrate Judge's finding that the Commissioner's denial of benefits is supported by substantial evidence, the Court ADOPTS the Report and Recommendations (Doc. 13) in their entirety. Sayre's Objections (Doc. 14) to the Report and Recommendations are OVERRULED. Judgment will be entered in favor of the Defendant Commissioner, affirming the Commissioner's decision that Sayre was not disabled and, therefore, not entitled to benefits under the Social Security Act.

The captioned case is ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, June 4, 2015.

                                                          s/Thomas M. Rose

                                              _____
                                                THOMAS M. ROSE
                                       UNITED STATES DISTRICT JUDGE